# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**TERESA L. BALDWIN,**

    **Plaintiff,**

                                                                            Civil Action 2:12-cv-298

    v.                                                               Judge Michael H. Watson

                                                           Magistrate Judge Elizabeth P. Deavers

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Plaintiff's Motion for Award of Attorney Fees and Costs Pursuant to the Equal Access to Justice Act. (ECF No. 25.) For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Motion be **GRANTED**.

**I.**

Plaintiff filed this action on April 5, 2012, seeking review of an adverse decision of the Commissioner of Social Security ("Commissioner"). (ECF No. 1.) On August 9, 2013, this Court reversed the Commissioner's nondisability finding and remanded this case to the Commissioner and the Administrative Law Judge pursuant to Sentence Four of 42 U.S.C. § 405(g). (ECF No. 23.)

On November 7, 2013, Plaintiff filed the instant Motion seeking an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"). (ECF No. 25.) The Commissioner has not opposed Plaintiff's Motion.

**II.**

Plaintiff seeks an award of attorney's fees in the amount of $5,650.78. She also seeks expenses of $350. The EAJA provides as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Accordingly, a party will generally be entitled to attorney's fees under the EAJA when he or she is the prevailing party and the government's position was not substantially justified. *See Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 129–30 (6th Cir. 2007) (outlining requirements under the EAJA). The Commissioner "bears the burden of demonstrating that its position was substantially justified." *Pickering v. Mukasey*, 306 F. App'x. 246, 247 (6th Cir. 2009).

The EAJA limits recovery of attorney's fees to $125 per hour unless the Court concludes that the circumstances justify a higher rate:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). In analyzing the EAJA, the United States Court of Appeals for the Sixth Circuit has emphasized that the "statutory rate is a ceiling and not a floor." *Chipman v. Sec'y of Health & Hum. Servs.*, 781 F.2d 545, 547 (6th Cir. 1986). Furthermore, "[i]n requesting an increase in the hourly-fee rate, [p]laintiffs bear the burden of producing appropriate evidence

to support the requested increase." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (citation omitted). Accordingly, the Sixth Circuit has held that "Plaintiffs must 'produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

In determining the appropriate rate, the Court may allow for a cost of living adjustment to justify an award in excess of $125 per hour. *Begley v. Sec'y of Health & Hum. Servs.*, 966 F.2d 196, 199 (6th Cir. 1992). The determination of whether a cost of living increase justifies a fee in excess of the $125 rate is left to the Court's discretion. *Id.* It is not sufficient, however, that a party submit only the Department of Labor's Consumer Price Index and argue that inflation justifies an increase in fees. *Bryant*, 578 F.3d at 450.

### III.

There is no dispute that Plaintiff was the prevailing party within the meaning of the EAJA. The Commissioner has not opposed the timeliness of Plaintiff's Motion. Nor has the Commissioner opposed Plaintiff's requested fees. The Commissioner has therefore failed to demonstrate that her position was substantially justified. Because Plaintiff requests an hourly rate greater than $125 per hour, the Undersigned now considers whether she has offered satisfactory evidence in supported of her attorneys' requested rates before turning to the issue of the proper recipient of the fees.

**A.	Hourly Rate**

Plaintiff seeks an award of attorneys' fees in the amount of $5,650.78 for 24.2 hours expended by attorney Ressler, 5.2 hours expended by attorney Roose, and 4.6 hours expended by legal assistant Shriver.  Plaintiff requests an hourly rate of $184.38 for the services performed by Attorneys Roose and Ressler and an hourly rate of $50.00 for the services performed by legal assistant Shriver.

In support of the requested hourly rates, Plaintiff has submitted the following documentation: an affidavit from attorney Roose; affidavits from other members of the local bar; excerpts from an hourly billing rate survey for the State of Ohio conducted by the Ohio State Bar Association; a 2011 survey conducted and published by the National Law Journal; webpage printouts from the Bureau of Labor Statistics reflecting clerical wage data for the Cleveland/Elyria/Mentor, Ohio area; the Consumer Price Index; and resumes for Roose, Ressler, and Shriver.  Plaintiff has also cited a number of decisions finding that the requested rates are in line with the rates awarded in actions in the community for similar services offered by lawyers of comparable skill and experience.

The Undersigned has reviewed the foregoing evidence and concludes that Plaintiff has sufficiently supported her attorneys' requested rate increase of $184.38 per hour.

**B.	Proper Recipient of Attorney Fees Under EAJA**

Plaintiff requests that the fees be paid directly to her attorney; her counsel "consents to have the EAJA award made to Plaintiff, because of the unlikely possibility that [she] owes a federally collected debt."  (Pl.'s Mot. 7, ECF No. 25.)

In *Astrue v. Ratliff*, 560 U.S. 586 (2010), a social security case considering the

Commissioner's payment of attorney's fees under the EAJA, the Supreme Court held that "a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy pre-existing debt that the litigant owes the United States." *Id*. at 589.  The *Ratliff* Court noted that "the Government has since continued the direct payment practice only in cases where the plaintiff does not owe a debt to the [G]overnment and assigns the right to receive the fees to the attorney." *Id*. at 597.

Here, the Court is unaware of whether Plaintiff owes a debt to the United States.  Thus, the Undersigned finds that under *Ratliff*, the proper course is to award fees directly to Plaintiff and remain silent as to the direction of those fees. *See Simpson v. Astrue*, No. 3:09-cv-143, 2010 WL 5088128, at *5 (S.D. Ohio Nov. 17, 2010) (Merz, M.J., Report and Recommendation subsequently adopted) ("Because it is not known in the present case whether or not Plaintiff owes a debt to the United States, '[i]n light of *Ratliff*, . . . it [is] a better practice to simply award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees.  It is not the duty of the Court to determine whether Plaintiff owes a debt to the government that may be satisfied, in whole or in part, from the EAJA fees award.'" (quoting *Preston v. Astrue*, No. 3:08-cv-991, 2010 WL 3522156, at *2 (M.D. Fla. Sept. 8, 2010)).  The Undersigned notes, however, that if Plaintiff does not owe such a debt to the United States, the Government should honor an assignment of Plaintiff's of EAJA fees to her counsel. *See Ratliff*, 130 S.Ct. at 2530 (Sotomayor, J., concurring) ("[T]he litigant's obligation to pay her attorney is controlled not by the EAJA but by contract and the law governing that contract."); *Bishop v. Astrue*, No. 3:08CV00375, 2010 WL 4279185, at *4 (S.D. Ohio Sept. 29, 2010) (Ovington, M.J., Report and Recommendation subsequently adopted) ("The Government

retains the discretion and authority to determine whether Plaintiff owes a debt to it . . . . If no such unpaid debt exists, or if the EAJA fees remain after a government offset, there appears no reason on the present record for the Government not to honor Plaintiff's assignment . . . .").

## IV.

In sum, Plaintiff has provided satisfactory evidence to support her counsel's requested rate of $184.38 per hour. It is therefore **RECOMMENDED** that the Court **GRANT** Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act and **AWARD** Plaintiff fees in the amount of **$5,650.78** and expenses in the amount of **$350.00**. (ECF No. 25.)

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to

magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date:   February 6, 2014                              /s/ *Elizabeth A. Preston Deavers*
                                                          Elizabeth A. Preston Deavers
                                                          United States Magistrate Judge